IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MILREACE MALONE          *

Plaintiff                *

v                        *       Civil Action No. ELH-17-2471

LEWISBURG USP, *et al*.  *

Defendants               *
                        ***

## **MEMORANDUM**

Plaintiff Milreace Malone has filed suit against "Lewisburg USP"; Warden, Regional Office of PA"; "Mr. Dressler"; and "Mr. Hendricks." ECF 1. She asserts, *inter alia*, "Harrasment; inhuman trafficing, BCPD, civil rights litigations violated, Breach of federal bureau policies." ECF 1 at 4.

Malone claims that her husband is a prisoner committed to the custody of the Federal Bureau of Prisons and confined to the United States Penitentiary ("USP") Lewisburg. ECF 1 at 6. Further, she alleges that her husband is "being illegally transported from Lewisburg USP to Baltimore City with the help of Baltimore City [Police] Officers who are currently harassing [her]." *Id*. She goes on to allege that "they have [an] informant set up at my location . . . where they have consistently harassed us for money, over 3,000 in the last 5 years." *Id.* In addition, she complains that her husband is not receiving medical treatment. *Id*.

Malone is not an attorney and does not represent herself to be one. Therefore, on September 11, 2017, this court issued an Order dismissing those claims in the Complaint that plaintiff asserted on behalf of her husband, and requiring plaintiff to supplement her own claims regarding police harassment. ECF 3. Thereafter, plaintiff filed two documents supplementing the Complaint. ECF 4; ECF 5. For the reasons that follow, the Complaint must be dismissed.

## I. Factual Background

Plaintiff alleges that she has been harassed by Baltimore City Police Officers since 2015 and claims it started with Baltimore County Police Department, Precinct 12, and Officer Shackelford. ECF 4 at 1. She claims that someone named Brian Donnell Cherry, who is not identified as a police officer, tried to rape her on January 29 – 30, 2015, in her home. When she called the police, six male officers arrived at her home and she informed them that Cherry had taken her phone when he fled. Police traced Cherry to Franklin Square Hospital by tracking plaintiff's phone. Plaintiff adds that "the[y] never gave [the phone] back to me." *Id*.

According to plaintiff, one month later, police "tried to charge [her] with stabbing him . . . because [she] had to[o] much evidence that him[,] Tameka Barnes, and Nychell Boles . . . was breaking into [her] home . . . ." *Id*. Plaintiff identifies Boles as her leasing agent. *Id*. It is not clear who plaintiff was accused of stabbing. Plaintiff claims that someone named Ogreta Brown Johnson "knew of this information" and that "they had [plaintiff] waive [her] right so [plaintiff] would not present the evidence to the judge under case K16000721[1] which was placed on stet." ECF 4 at 1 – 2. She alleges that Cherry "turned into a[n] informant for John Riley," and she also claims that David Blumberg was "aware also of the evidence." *Id*. at 2. Plaintiff appears to allege that either Blumberg or Cherry is "stalking and breaking into [her] apartment" and that she is "being followed by police officers everywhere." *Id*.

Further, plaintiff alleges that she is "being sexually assaulted in [her] apartment" and that "[e]vidence is being covered up threw [sic] Mercy forensic staff because of a former friend

---

[1] The court takes judicial notice that the referenced case number is a criminal case in the Circuit Court for Baltimore County in which plaintiff was charged with first degree assault and carrying a dangerous weapon with intent to injure. *See State v. Malone*, Case No. 03K16000721 (Balt. Co. Cir. Ct. 2016) at http://casesearch.courts.state.md.us/inquiry. Plaintiff was represented by Assistant Public Defender Ogreta Brown and the case was placed on the stet docket on February 7, 2017. *Id*.

Nicole Ross who worked for them along with changing evidence in [her] medical records." *Id*. In addition, plaintiff claims that Nicole Ross and her mother Evelyn Ross are harassing her through her Facebook account. *Id*. Plaintiff states that she was seen at Mercy and GBMC Hospital on November 9, 2015; November 29, 2015; December 17, 2015; January 9, 2016; and March 14, 2017. She claims that Officers Harding, Rivera, Scott, and Kevin Brown "have helped cover this up." *Id*. She does not identify where these officers work, nor does she allege what they did to cover something up regarding her healthcare.

Plaintiff then states that her current apartment keeps getting "broken into" and that her leasing agent is aware of this problem. She states she has had to get her windows fixed on a number of occasions and that the lock on her door had to be replaced because it could not be repaired. *Id*.

On April 13, 2017, Plaintiff filed a complaint with the Office of Civil Rights and Wage Enforcement regarding her allegation that Officer Pickle, Detective Rivera, and Officer Mitter failed to do their job in relation to an armed robbery that took place on August 29, 2016. ECF 4 at 3. Plaintiff claims she was robbed at gunpoint and $933 was stolen from her. *Id*. She states that the complaint was reviewed by Evangula Brown and that "[e]veryone [who] has handled my cases have went [sic] by the last name Brown." *Id*. Plaintiff states that nothing has been done with her complaint. *Id*.

Plaintiff claims that she was admitted to Johns Hopkins Hospital and all of the "things to keep me safe was taken at the hospital" when she was discharged because Unisha McIntosh, whose grandmother is Eunice Brooks, has family that works at the hospital. ECF 4 at 4. Plaintiff claims that McIntosh is an informant who has been arrested many times, but has not

3

spent any time in jail and that Brooks has a boyfriend who has three sons who work for the Baltimore City Police Department. *Id*.

According to plaintiff, "another problem" she is having is that she is "being followed by police every time [she] leaves [her] home." *Id*. Plaintiff details six incidents where she claims a police car was parked near her house or followed her to a destination. *Id*. at 4 – 5. None of the incidents include an encounter with the police officer driving the police car. *Id*. Plaintiff also claims that "a homeland police officer tried to run [her] over at a red light" on September 27, 2017. *Id*. at 5. She provides no further details concerning this alleged attempt on her life.

In her second supplemental pleading (ECF 5), plaintiff claims that employees at the Penitentiary in Lewisburg, Officer Kayne Stugart, and Physician Assistant Jess Ayers have been harassing her through social media "with pictures on October 2, 2017." *Id.* at 1. She maintains that "they have no business accessing my personal life" and that she does not know them. *Id*. Further, she claims that Nicole Ross has been harassing her on Facebook and that plaintiff's husband, Ricky Ricardo Malone, Jr., was given a disciplinary charge after plaintiff did not respond to the prison. *Id*. at 1 – 2. Plaintiff concludes that on October 3, 2017, "with a verbal recording," her husband granted her "verbal power of attorney for civil suit on his behalf." *Id*. at 2.

## II. Discussion

Plaintiff filed this Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful of its obligation to construe liberally

pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Complaint, as supplemented, does not comply with federal pleading requirements. The litany of unrelated events, none of which constitutes a cause of action against the defendants named in the original Complaint or the individuals mentioned in the supplemental pleadings, is at best confusing and, at worst, fanciful. The allegations fall far short of providing a plain statement of a claim. After affording the matter a generous construction, this court cannot determine the precise nature and jurisdictional basis of the Complaint. It is well settled that the allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Here, it is not even clear who plaintiff is trying to sue or why.

To the extent that plaintiff's statement regarding power of attorney being bestowed upon her by her husband via "verbal recording" is a request for this court to revisit the decision to dismiss claims raised on behalf of plaintiff's husband, that request must be denied. Plaintiff's representation that Mr. Malone verbally gave her authority to pursue a civil suit on his behalf is insufficient to establish that a valid power of attorney has been executed. *See* Md. Code Ann., Est. & Trusts §17-201, *et seq*. Even if plaintiff could establish that she has been given a valid power of attorney, the instant Complaint, as supplemented, does not give rise to even a suspicion of the existence of a valid federal cause of action on behalf of plaintiff or her husband.

Accordingly, by separate Order which follows, the Complaint must be dismissed.

<u>October 23, 2017</u>  _____/s/_____
Date  Ellen L. Hollander
  United States District Judge